(USAO GAN 6/10)  Search Warrant

FILED IN CHAMBERS
U.S.D.C ATLANTA

Date: Mar 17 2025

KEVIN P. WEIMER, Clerk

By: Kari Butler
Deputy Clerk

# United States District Court
## NORTHERN DISTRICT OF GEORGIA

In the Matter of the Search of

TWO CELL PHONES SEIZED ON MARCH 10, 2025

**APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT**

Case number: 4:25-MC-24

I, Corey Wright, depose and say under penalty of perjury:

I am a Task Force Officer of the Drug Enforcement Administration and have reason to believe that in the property described as:

See **Attachment A,**

in the Northern District of Georgia there is now concealed certain property, certain information, and certain data, namely,

See **Attachment B**,

which constitutes contraband, fruits of crime, or items illegally possessed and property designed for use, intended for use, or used in committing a crime, concerning violations of Title 21, United States Code, Sections 841 and 846. The facts to support a finding of Probable Cause are as follows:

SEE ATTACHED AFFIDAVIT

Continued on attached sheet made a part hereof.

Sworn to me by telephone pursuant to Federal Rule of Criminal Procedure 4.1.

*Corey J. Wright*
Signature of Affiant

Corey Wright

March 14, 2025
Date

Rome, Georgia
City and State

WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

*Walter E. Johnson*
Signature of Judicial Officer

SAUSA Amy Schwarzl
404-581-6249
Amy.Schwarzl@usdoj.gov

# AFFIDAVIT FOR SEARCH WARRANT

I, Corey J. Wright, depose and state under penalty of perjury:

## Subject Devices

1. Pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A), I submit this affidavit in support of an application for search warrants for the following cellular telephones (referred to collectively hereafter as the "**SUBJECT DEVICES**"):

    - **Subject Device 1**: 1 HMD N159V cellular telephone (Serial number: ASQ623H0014A2403336) seized from Kenneth Darrell HUCKABY on March 10, 2025 on I-75 near Georgia State Route 20 in Cartersville, Georgia.

    - **Subject Device 2**: 1 HMD N159V cellular telephone (Serial number: ASQ623H001Q51300707) seized from Kenneth Darrell HUCKABY on March 10, 2025 on I-75 near Georgia State Route 20 in Cartersville, Georgia.

2. The **SUBJECT DEVICES** are currently in possession of the Drug Enforcement Administration ("DEA") at the HIDTA Rome Post of Duty located at 800 Broad Street, Rome, GA 30161 in the Northern District of Georgia.

3. Based on the facts set forth in this affidavit, I respectfully submit that there is probable cause to believe that currently concealed in the **SUBJECT DEVICES** is information and data described in **Attachment B**, incorporated herein by reference, which may constitute evidence of a crime, contraband, fruits of crimes, or other items illegally possessed, or property designed for use, intended for use, or used in committing violations of Title 21 U.S.C. §§ 841 and 846.

4. The applied-for search warrant would authorize the full and comprehensive forensic examination of the **SUBJECT DEVICES**, as further described in **Attachment A**, for the purpose of identifying electronically stored data particularly described in **Attachment B**. In my training and experience, I know that the **SUBJECT DEVICES** have been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the device first came into law enforcement possession.

## Agent Background

5. I have been a Task Force Officer ("TFO") with the DEA since January 2022. I am currently assigned to the Atlanta Field Division, Rome Post of Duty (POD). I am currently employed by the Floyd County Police Department, and have been since 2016. My responsibilities as a law enforcement officer while employed at the Floyd County Police Department have been in the capacity of a patrol officer, SWAT Operator, sergeant, and TFO. As such, I am familiar with tools and tactics used by law enforcement for the purpose of legitimately locating, collecting, and processing evidence of criminal activity. I have been assigned as a narcotics investigator for over three years with the Drug Enforcement Administration.

6. As a federal task force officer, I am authorized to investigate criminal and civil violations of the laws of the United States and to execute search warrants issued under the authority of the United States. While assigned to the DEA, I have been the case agent and/or participated in investigations involving violations of federal law in the areas of drug trafficking, firearms violations, and complex drug conspiracy cases. I have gained experience through training opportunities and the everyday work

that is involved in conducting these types of investigations. I have also participated in numerous search warrants related to these investigations.

7. Also, based on my knowledge, training, experience, and participation in criminal investigations, I know that:

   a. Many cellular telephones currently have advanced capabilities, including: Internet browsing, text and e-mail, photography and video storage, Global Positioning System ("GPS") navigation, notes, calendars, and data file storage.

   b. Drug traffickers frequently use cellular telephones, tablets, and other electronic device and keep a list of names and numbers of customers and suppliers in their electronic address books of their electronic device.  Such cellular telephones will also carry information in a SIM (Subscriber Identity Module) card or some other type of electronic storage card that will reveal the number of the cellular telephone and other information leading to the identity of the user.

   c. I am aware, through training and experience, that drug traffickers use cellular telephones and internet-connected electronic device to communicate with each other via voice, direct connect, text message, messaging applications, social media, and e-mail; store valuable data such as names, addresses, and telephone numbers of co-conspirators; obtain and store directions and maps; maintain photographs of drug trafficking associates; search the Internet; and capture audio, image, and video files.  Furthermore, I know that it is common for drug traffickers to possess and use multiple cellular telephones to facilitate their unlawful conduct.  Indeed, it is my experience that narcotics distributors purposefully use multiple communication device so as to not alert law enforcement to the

complete scope of their own and/or their organization's illicit conduct, in the event that their communications are being intercepted. By way of example only, a drug trafficker may have one cellular telephone used to call their drug source of supply, another telephone used to call customers, and yet another to call drug distributors, in addition to a telephone for personal use. In short, cellular telephones are vital instruments to drug traffickers.

## Sources of Information

8. I make this affidavit based upon personal knowledge derived from my training, experience, and participation in this investigation; conversations with case agents and other law enforcement personnel involved in this investigation; my review of reports and other written material; physical surveillance; vehicle registration information; and other investigative techniques, as described in greater detail in this affidavit. Wherever in this affidavit I state a belief, that belief is based upon my training and experience and the information obtained through this investigation.

9. Because this affidavit is being submitted for the limited purpose of seeking the requested warrant, I have not included each and every fact known about this investigation.

## Probable Cause

10. On February 28, 2025, the DEA Rome Post of Duty (POD) initiated an investigation into Kenneth Darrell HUCKABY. HUCKABY is suspected of distributing methamphetamine in the Northern District of Georgia.

11. HUCKABY is on pre-trial release in Tennessee. He is awaiting trial on charges related to methamphetamine trafficking.

12. A gray 1999 Nissan Maxima 4-door sedan bearing Georgia registration plate RRC0922 is registered to Kenneth HUCKABY at 234 Vanns Valley Road, Rome, Georgia 30161 (HUCKABY's residence) within the Northern District of Georgia.
13. I used a license plate reader ("LPR") database to identify a pattern in which HUCKABY's vehicle was observed traveling to and from the area of his residence and the Atlanta area.
14. I identified nine (9) trips between February 4th, 2025 and March 1st, 2025 showing HUCKABY's vehicle in the Atlanta area.
15. On March 10, 2025, I conducted surveillance of HUCKABY's residence. I observed a white male, later identified as HUCKABY, unloading an ATV from the bed of a red Ford pickup truck. HUCKABY was wearing a dark colored toboggan hat and a red long sleeve shirt. I observed a gray 1999 Nissan Maxima parked in the carport of the residence. A short time later, I observed HUCKABY in the driver's seat of the Maxima as it backed toward the roadway.
16. At approximately 6:10 PM, Bartow County K9 Deputy Nick Henderson initiated a traffic stop of HUCKABY's vehicle on I-75, just south of Exit 290.
17. Deputy Henderson identified the driver as Kenneth HUCKABY by his Georgia driver's license. Henderson deployed K9 Athos and conducted a free air sniff of HUCKABY's vehicle. K9 Athos gave a positive alert for the presence of narcotics. As a result, Deputy Henderson conducted a search of the vehicle.
18. In the front passenger floorboard, Deputy Henderson discovered approximately three (3) kilograms of a crystal-like substance consistent with the appearance of methamphetamine.

19. The suspected methamphetamine was packaged in three (3) separate clear Ziploc style bags. The three (3) bags were inside a brown paper bag.
20. Deputy Henderson located a black plastic bag on the front driver side door panel. It contained additional suspected methamphetamine wrapped in clear plastic baggies, as well as glass pipes.
21. Two (2) cellular telephones (the **SUBJECT DEVICES**) were located on top of the front passenger seat. The phones along with suspected methamphetamine were seized and subsequently secured at the Rome POD. HUCKABY was subsequently arrested and transported to the Bartow County Jail for holding.
22. TFO Joe Cardona and I conducted an interview with HUCKABY at the Bartow County Jail. During the interview, HUCKABY stated that he purchased the three (3) kilograms of methamphetamine for $11,400. HUCKABY stated he also purchased three (3) additional kilograms of methamphetamine on March 7, 2025.
23. HUCKABY admitted to using both of the **SUBJECT DEVICES** to coordinate drug transactions through a prison broker.

## Conclusion

24. Based on the foregoing, I believe that there is probable cause to believe that currently concealed in the **SUBJECT DEVICES**, described in **Attachment A**, are information and data described in **Attachment B**, which may constitute evidence of a crime, contraband, fruits of crimes, or other items illegally possessed, or property designed for use, intended for use, or used in committing violations of Title 21 U.S.C. §§ 841 and 846.

**END OF AFFIDAVIT**

## ATTACHMENT A

This warrant applies to the following electronic devices (**SUBJECT DEVICES**):

1. **Subject Device 1**: 1 HMD N159V cellular telephone (Serial number: ASQ623H0014A2403336) seized from Kenneth Darrell HUCKABY on March 10, 2025 on I-75 near Georgia State Route 20 in Cartersville, Georgia, which is photographed below:



1

2. **Subject Device 2**: 1 HMD N159V cellular telephone (Serial number: ASQ623H001Q51300707) seized from Kenneth Darrell HUCKABY on March 10, 2025 on I-75 near Georgia State Route 20 in Cartersville, Georgia, which is photographed below:





2

The **SUBJECT DEVICES** are currently stored in DEA at the HIDTA Rome Post of Duty located at 800 Broad Street, Rome, GA 30161 in the Northern District of Georgia.

This warrant authorizes the full and comprehensive forensic extraction and examination of the **SUBJECT DEVICES** for the purpose of identifying any electronic evidence as described in **Attachment B**.

## ATTACHMENT B

The particular items to be seized from the **SUBJECT Devices** are as follows

1. All records on the **SUBJECT DEVICES** from February 10, 2025, to the present that relate to violations of 21 U.S.C. §§ 841(a) and 846 or are evidence of user attribution showing who used or owned the **SUBJECT DEVICES**, including but not limited to:
    a. Contact information to include names, addresses, telephone numbers, email addresses, or other identifiers;
    b. Call log information, including missed, incoming, and outgoing calls and any information associated with those numbers;
    c. Any photographs, video and audio files that show the transportation, ordering, distribution, possession and sale of controlled substances, the collection, transmission, or other use of drug proceeds, the possession/use of firearms, and/or the connection to known and as yet unidentified co-conspirators that evidence the transportation, ordering, distribution, possession and sale of controlled substances, the collection, transmission, or other use of drug proceeds, and/or the connection to known and as yet unidentified co-conspirators;
    d. Any text messages, email messages, chats, multimedia messages, messages through other installed applications or other electronic communications that evidence the transportation, ordering, distribution, possession and sale of controlled substances, the collection of drug proceeds, the possession/use of firearms, and/or the connection to known and as yet unidentified co-conspirators;

1

e. Any Global Positioning Satellite (GPS) entries, records of Internet Protocol Connections, and location entries to include cell tower and Wi-Fi entries;

f. Any internet or browser entries or history;

g. Any system, data or configuration information contained within the **SUBJECT DEVICES**;

h. Lists of customers and related identifying information;

i. Types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

j. Any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

k. Any information recording schedule or travel;

l. All bank records, checks, credit card bills, account information, and other financial records.

m. All of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

2. Evidence of user attribution showing who used or owned the **SUBJECT DEVICES** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

For discovery and authentication purposes, DEA will maintain a forensic copy of the **SUBJECT DEVICES**.